UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY MARTINEZ REINOZA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-06245-DAD-SCR

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 8, 12, 18)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 21, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 18.) Specifically, the magistrate judge recommended that the court waive prudential exhaustion and determine that petitioner is not subject to detention pursuant to 8 U.S.C. § 1226(c) and has not been lawfully detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 4–

/////

10.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within three (3) days of service. (*Id.* at 11.)

On September 28, 2026, respondents filed objections to the findings and recommendations. (Doc. No. 19.) Therein, respondents argue that petitioner is subject to detention pursuant to § 1226(c)(1)(E) and that the court should decline to adopt the recommendation for immediate release regardless of whether the proper detention authority is § 1226(c) or § 1226(a). (*Id.* at 1–4.)

As to respondents first objection, they argue that petitioner's charge for assault with deadly weapon in violation of California Penal Code § 245(a)(1) with an alleged enhancement that petitioner personally inflicted great bodily injury within the meaning of California Penal Code §§ 12022.7(a) and 1203(e)(3) satisfy the requirements of § 1226(c)(1)(E). Section 1226(c)(1)(E) states in the relevant part that "the Attorney General shall take into custody any alien who . . . is charged with . . . committing acts which constitute the essential elements of . . . any crime that results in death or serious bodily injury to another person . . ." 8 U.S.C. § 1226(c)(1)(E)(ii). In addition, the statute states that "serious bodily injury" has "the meaning[] given such term[] in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2).

As the magistrate judge explained, "[u]nlike the definition of 'serious bodily injury,' which includes a non-exhaustive list of injuries, the statute defines 'great bodily injury' in more general terms as 'a significant or substantial physical injury.'" (Doc. No. 18 at 7.) In addition, the California Supreme Court has found that "[n]otwithstanding their substantial overlap, 'the terms [serious bodily injury and great bodily injury] in fact "have separate and distinct statutory definitions."'" *In re Cabrera*, 14 Cal. 5th 476, 484 (2023) (quoting *People v. Santana*, 56 Cal. 4th 999, 1008 (2013)). The magistrate judge thoroughly examined the relevant state case law and determined that the allegation that petitioner inflicted great bodily injury does not constitute the essential elements of serious bodily injury under California law. (Doc. No. 18 at 6–9.)

Respondents also argue that while the California Supreme Court has held that a finding of serious bodily injury does not necessarily establish a finding of great bodily injury, the converse, that a finding of great bodily injury necessarily establishes a finding of serious bodily has not

been foreclosed. (Doc. No. 19 at 1–3.) Respondents base this argument on the California Supreme Court's statement in *Cabrera* that its reasoning does not undermine the *dicta* appearing in *People v. Sloan*, 42 Cal. 4th 110 (2007) that, for purposes of constitutional double jeopardy protections or the judicially created rule prohibiting multiple convictions for necessarily included offenses, a conviction for willful infliction of corporal injury on a spouse with an enhancement for inflicting great bodily injury "would effectively establish the elements of . . . battery with serious bodily injury." *In re Cabrera*, 14 Cal. 5th at 491 (quoting *Sloan*, 42 Cal. 4th at 117). However, the question before this court is not whether inflicting great bodily injury "effectively establishes" serious bodily injury but whether the essential elements of the charges alleged against petitioner in state court, including the allegation that he inflicted great bodily injury on another, constitute the essential elements of a crime resulting in serious bodily injury. The magistrate judge considered this question and determined that *Cabrera*'s rejection of these terms as legal equivalents requires the finding that a crime resulting in great bodily injury does not necessarily encompass the essential elements of a crime that results in serious bodily injury. (Doc. No. 18 at 9.) Therefore, the magistrate judge found, and the undersigned agrees, that petitioner was not properly detained pursuant to § 1226(c)(1)(E). (*Id.*)

In respondents' second objection, they contend that the court should not order petitioner's immediate release because the detention procedures pursuant to § 1226(a) are facially constitutional and there is no basis upon which to find that these procedures did not satisfy due process as-applied to petitioner. (Doc. No. 19 at 3.) However, in advancing this argument respondents ignore the numerous cases cited by the magistrate judge where, as here, the petitioners were granted immediate release when they were previously released from immigration detention and were entitled to specific process prior to their re-detention in accordance with due process protections but did not receive the process due them.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

For the reasons explained above,

1. The findings and recommendations issued on September 21, 2026 (Doc. No. 18) are ADOPTED in full;
2. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 8) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Gregory Martinez Reinoza, A-File No. 240-910-304, from respondents' custody;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing no less than seven (7) days notice to Petitioner and a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted;
3. Petitioner's motion for temporary restraining order (Doc. No. 12) is DENIED as having been rendered moot by this order granting habeas relief;
4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and
5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE